UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN L. PHILLIPS, SR.,

        Plaintiff,

v.                                                Case No. 09-C-515

KAREN TIMBERLAKE, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Phillips, who is incarcerated under Wisconsin's Chapter 980 program, brought this lawsuit against several state defendants alleging their deliberate indifference for the injury he received in a fight with another incarcerated individual. He asserts that the other Chapter 980 patient had previously been involved in a fight; that the Defendants knew he was dangerous; and that their failure to protect him amounted to a violation of his rights under the Due Process Clause of the Fourteenth Amendment.

On December 10, 2009, Defendants moved for summary judgment. They assert, among other things, that even though Plaintiff was injured by a man who had been involved in a fight previously, that did not create a serious or obvious enough risk to other inmates to justify separation or additional protection. The Wisconsin Resource Center, after all, houses individuals who have committed sexually violent crimes and have been shown to have a likelihood of re-offending. As such, it is an inherently dangerous place and individuals are not deemed particularly dangerous merely because they've been involved in a single fight. Absent some sort of history or pattern of

violence, WRC officials had no duty to take the extra precautions Plaintiff suggests they should have taken.

A response was due in January, but Plaintiff has not responded to the motion for summary judgment. That means he has conceded the factual assertions the Defendants have made, which means he has conceded defeat. Defendants are correct that a single altercation in the past (especially given the details provided by Defendants) provides no basis to suggest that he posed an elevated or unreasonable risk of harm to other inmates, including Phillips. Thousands of inmates have violent pasts, and that does not mean every prison fight gives rise to a deliberate indifference claim. There must be something more, and here there is not. *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000) ("a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison.")

Accordingly, because there was no underlying appreciable risk of injury to Plaintiff, the Defendants motion for summary judgment is **GRANTED** and the case is dismissed.

**SO ORDERED** this   1st   day of April, 2010.

  s/ William C. Griesbach  
William C. Griesbach  
United States District Judge